**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                          CASE NO. 3:11-cr-212-J-32JRK

SHIRON BROOKS

---

**O R D E R**

Defendant Shiron Brooks filed a motion seeking a reduction in his sentence in accordance with Amendment 782 (Doc. 50) and the government responded (Doc. 51). Brooks' Guideline range at his initial sentencing hearing was 46-57 months. (Doc. 50 at 3). The Court gave Brooks a four-level substantial assistance departure, resulting in a new range of 30-37 months, and sentenced him to 37 months.[1] (Id.). After Amendment 782, his Guideline range is now 37-46 months. (Id. at 1). In resentencing Brooks the parties agree that the Court may apply a comparable departure from the bottom of the amended Guideline range, but disagree about how to calculate such a "comparable" substantial assistance departure. (Compare Doc. 50 at 4-7 with Doc. 51 at 4-6).

In general, a court resentencing a defendant as a result of amendments to the Sentencing Guidelines is not permitted to sentence the defendant below the amended Guideline range. U.S.S.G. § 1B1.10(b)(2)(A) (2014). However, the Guidelines provide

---

[1] At that time, the Court also sentenced Brooks for a supervised release violation in a separate case, which sentence is not at issue here and is not affected by this Order.

an exception: "If the term of imprisonment imposed [at the initial sentencing] was less than the term of imprisonment provided by the [G]uideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended [G]uideline range . . . may be appropriate."[2] § 1B1.10(b)(2)(B). Note 3 provides an example of finding a "comparably less" reduction using a percentage-based approach. The note states that, given a Guideline range of 70-87 months at the initial sentencing, a sentence of 56 months would represent a downward departure of 20 percent below the minimum term of imprisonment. § 1B1.10 cmt. n.3. If, on resentencing, the amended Guideline range were 51-63 months, "a reduction to a term of imprisonment of 41 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended [G]uideline range) would amount to a comparable reduction and may be appropriate." Id.

The government asks the Court to utilize the percentage-based approach laid out in the Guidelines for determining a comparable reduction in Brooks' sentence. (Doc. 51 at 4-6). Brooks, however, asks the Court to provide him with the same four-level departure he received at his initial sentencing. (Doc. 50 at 2).

A majority of courts have used the percentage-based approach in calculating a departure at resentencing. See, e.g., United States v. Baker, 491 F. App'x 79, 80 (11th Cir. 2012); United States v. Donaldson, No. 200CR37FTM29DNF, 2008 WL 818609,

---

[2] The Court is only permitted, but not required to provide a lower sentence at resentencing, and should only do so to the extent that a lower sentence is appropriate after consideration of the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(2).

2

at *2 (M.D. Fla. Mar. 25, 2008). On one occasion, the Eleventh Circuit has even suggested that the percentage-based approach is the only approach to re-sentencing. See United States v. Thomas, 360 F. App'x 4, 7 (11th Cir. 2010). In Thomas, the defendant's original sentence was a 48 percent departure from the low end of the guidelines. Id. Since a 108-month sentence would be a 48 percent departure from the low end of the amended Guidelines, the Eleventh Circuit stated that "[a]pplying Application Note 3 to Thomas's case, the lowest sentence Thomas could have received at resentencing would have been 108 months." Id.

Both the Guidelines' commentary and case law therefore suggest that the percentage-based approach is correct. Brooks initially had a Guideline range of 46-57 months and received a 37-month sentence, a downward departure of roughly 20 percent from the bottom of the range. A comparable departure from his amended range of 37-46 months, calculated using the percentage-based approach, would therefore provide a sentence of 30 months.[3]

The Court has reviewed the facts in both the original presentence investigation report and the March 20, 2015 memorandum from the United States Probation Office. Having considered the factors set forth in 18 U.S.C. § 3553(a), as well as the nature and seriousness of any danger posed by a reduction of Defendant's sentence, see

---

[3] Even if the Court had discretion to do as Brooks suggests and provide the same four-level departure he received at his initial sentencing, the new range would be 24-30 months. Sentencing him at the high end of that range, as it did at the initial hearing, would provide the same 30-month sentence Brooks is receiving under the percentage-based approach.

§1B1.10, cmt. n.1(B)(ii), the Court finds that a reduction of Defendant's sentence from 37 months to 30 months is warranted.

Consistent with §1B1.10(e)(1), and in light of the practical difficulties of a possible release date of Sunday, November 1, 2015, the effective date of this order shall be November 2, 2015.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Sentence Reduction (Doc. 50) is **GRANTED**. The Court reduces Defendant's sentence from a period of imprisonment of 37 months to 30 months or time served, whichever is greater. See §1B1.10(b)(2)(C). All other provisions set forth in the criminal Judgment (Doc. 41) shall remain in full force and effect. The effective date of this order is November 2, 2015.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of August, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies:

Michelle Thresher Taylor, AUSA
Conrad Kahn, Esquire
U.S. Probation
U.S. Marshals Service
Bureau of Prisons
Defendant